IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALVIN LOVE, III, | § |
| (TDCJ # 572923) | § |
| VS. | § CIVIL ACTION NO.4:06-CV-157-Y |
| | § |
| | § |
| RALPH MENDOZA, Police Chief, | § |
| City of Fort Worth, et al. | § |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1)
and UNDER 28 U.S.C. § 1915(e)(2)(b)

Plaintiff and Texas Department of Criminal Justice inmate Alvin Love III's complaint and more definite statement are before the Court under the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B). A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Love's claims as asserted in the form complaint and more definite statement, the Court concludes that they must be dismissed under the authority of these provisions.

In his form complaint under 42 U.S.C. § 1983, Love lists as defendants Police Chief Ralph Mendoza, City of Fort Worth, Texas; and Sheriff Dee Anderson, Tarrant County, Texas. (Compl. Style; § IV(B).) Love alleges that while he was hospitalized at John Peter Smith Hospital in Fort Worth, Texas, for pneumonia in August 2005, he was placed under arrest and detained by officers of the City of Fort Worth, Texas, and then by deputies of the Tarrant County Sheriff's Department.(Compl. § V.) He alleges that he was denied access to legal assistance and to his family, and alleges that both departments denied to his family knowledge of his location. (Compl. § v.) In the more definite statement, Love alleges he was placed in shackles and under armed guard while in the hospital for a period

---

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

of sixteen days, and was never allowed phone calls, visits from family, an arraignment, or to make bail. (MDS at ¶ 3.) Love acknowledges that he was arrested at that time on charges of conspiracy to engage in organized crime (cause number 0990559) and delivery/manufacturing of heroin (cause number 0991304). He eventually pleaded guilty, and is now serving a sentence of imprisonment entered in cause number 0990559.  (MDS at ¶¶ 3-6.) Love seeks to "bring charges against [the defendants]," and to recover monetary damages. (Compl. § VI.)

A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[6] Although plaintiff Love named both Police Chief Ralph Mendoza and Sheriff Dee Anderson, when asked to state any facts of the personal involvement of either defendant, Love acknowledged that neither man "participated in these actions . . . ." (MDS at ¶¶ 10-11.) He made no allegation that either defendant was directly involved or participated in the factual events. Rather, Love contends that Mendoza was involved "indirectly by his officers action on his orders," and that the "officers who kept me detained were under [Anderson's] supervision as well as his authority." (MDS at ¶¶ 10-11.)  Love thus appears to

---

[6]*See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

have named Mendoza and Anderson purely because of each defendant's supervisory capacity.  But § 1983 does not authorize supervisory liability based on *respondeat superior* or any theory of vicarious liability.[7]  Thus, the Court concludes that Plaintiff's claims against Ralph Mendoza and Dee Anderson must be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

The Court notes that, in his more definite statement, Love recited that he and his criminal-trial counsel had conflicts and that he provided ineffective assistance of counsel in various particulars. (MDS at ¶ 7, ¶ 9.)  Although Love has not designated any additional defendant in this case, to the extent he seeks monetary damages for ineffective assistance of counsel, such claims are not cognizable under 42 U.S.C. § 1983. In *Heck v. Humphrey*,[8] the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

---

[7] *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.")(citations omitted).

[8] 512 U.S. 477, 486 (1994).

4

court's issuance of a writ of habeas corpus."[9] As in *Heck*, Plaintiff's ineffective-assistance challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. Plaintiff remains in custody and has not shown that his convictions have been invalidated by a state or federal court. As a result, to the extent Love seeks monetary damages for alleged ineffective assistance of counsel, such claim is not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).[10]

Therefore, all of Plaintiff's claims against Ralph Mendoza and Dee Anderson are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

Any remaining claim for ineffective assistance of counsel is DISMISSED WITH PREJUDICE to its being asserted again until the *Heck v. Humphrey* conditions are met, pursuant to 28 U.S.C. § 1915A(b)(1)

---

[9] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[10] *See Heck*, 512 U.S. at 487-88.

and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

SIGNED December 1, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).